UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHONTA JOWARN KARIM,**<br><br>　　　　**Petitioner,**<br><br>　　v.<br><br>ELVIN VALENZUELA, Warden, et al.,<br><br>　　　　Respondent.<br>_____ | No. LA CV 14-09500-VBF-JC<br><br>OPINION AND ORDER<br><br>Referring Habeas Petition to U.S. Court of Appeals per Ninth Circuit Rule 22-3(a)<br><br>Summarily Dismissing Habeas Petition Without Prejudice for Lack of Subject-Matter Jurisdiction |

### I.   SUMMARY

On December 11, 2014, California state prisoner Shonta Jowarn Karim ("petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus ("current petition") which challenges petitioner's 2001 conviction following a jury trial in Los Angeles County Superior Court ("the state case" or "state conviction").

Based on the record and the applicable law, the current petition will be dismissed without prejudice for lack of jurisdiction because petitioner did not obtain authorization from the United States Court of Appeals for the Ninth Circuit ("the Circuit") to file a second-or-successive petition.  Further, the Clerk will be directed to refer the petition to the Circuit pursuant to Ninth Circuit Rule 22-3(a).[1]

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization
(continued...)

## II. PROCEDURAL HISTORY[2]

### A. State Proceedings

On June 25, 2001, a Los Angeles County Superior Court jury found petitioner guilty of two counts of attempted second-degree robbery and one count of possession of a firearm by a felon, related to a July 6, 2000 attempted robbery in Inglewood. As to both attempted second-degree robbery charges, the jury also found that petitioner personally used a firearm.

On September 6, 2001, petitioner waived his right to a trial on his prior convictions and admitted: (i) in 1992, he was convicted of first-degree robbery; (ii) in 1994, he was convicted of second-degree robbery; and (iii) both such convictions constituted serious felonies within the meaning of California Penal Code §§ 1170.12(a)-(d) and 667(a)(1). On the same date, the court sentenced petitioner to two concurrent terms of 35 years to life in state prison on the attempted-robbery charges. On direct appeal, the California Court of Appeal affirmed on September 19, 2002, the California Supreme Court denied petitioner's ensuing petition for review on December 11, 2002, and petitioner did not petition the United States Supreme Court for a writ of certiorari.

On April 16, 2003, petitioner filed a state habeas petition in the California Supreme Court which was denied on December 17, 2003, and petitioner did not file a petition for writ of certiorari with the United States Supreme Court. On September

---

[1](...continued)
to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Petition and/or court records in the following case of which this Court takes judicial notice: Central District of California Case – *Shonta Jowarn Karim v. Richard Kirkland*, No. CV 04-3421-FMC(JC) ("First Federal Petition" or "First Federal Action"). See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

20, 2004, petitioner filed another state habeas petition in the California Supreme Court, which was denied on August 10, 2005, and petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Petitioner thereafter further sought habeas relief in the Los Angeles County Superior Court which recently denied relief. On July 23, 2014, petitioner again filed a state habeas petition in the California Supreme Court, which was denied on October 1, 2014, and petitioner again did not file a petition for writ of certiorari with the United States Supreme Court.

### B. First Federal Action

On May 14, 2004, petitioner filed the First Federal Petition. On August 18, 2008, the Magistrate Judge issued a Report and Recommendation recommending that the First Federal Petition be denied with prejudice on its merits. On September 29, 2008, the District Judge issued an order adopting the R&R and dismissing the first federal action with prejudice. On October 1, 2008, judgment was entered accordingly. Petitioner did not appeal.

### C. Current Petition

As noted above, on December 11, 2014, petitioner filed the current petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the current petition in the District Court.[3]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district

---

[3] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

3

court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal

1 for failure to prosecute treated as judgment on the merits) (citations omitted).

2 Petitioner's First Federal Petition was denied on its merits – not for a technical or procedural reason. Accordingly, the current petition is "second or successive" for purposes of AEDPA.

**Petitioner's failure to obtain the Ninth's Circuit leave to file this petition constitutes a basis for dismissing his petition for lack of subject-matter jurisdiction.** *See, e.g.,* dismissing habeas petition for lack of jurisdiction as a "second or successive" petition filed without leave of the Circuit: *Knisley v. Vasquez*, 2013 WL 2154010, *2-*3 (C.D. Cal. May 15, 2013) (Feess, J.); *Scott v. California*, 2013 WL 1869032 (C.D. Cal. May 3, 2013) (Real, J.); *Adams v. Chappell*, 2013 WL 1680128 (C.D. Cal. Apr. 17, 2013) (Collins, J.); *Melchor v. Biter*, 2013 WL 1499688 (C.D. Cal. Apr. 8, 2013) (Carney, J.); *Secundino v. Figueroa*, 2013 WL 1010551 (C.D. Cal. Mar. 13, 2013) (Carter, J.); *Carr v. Janda*, 2013 WL 419231 (C.D. Cal. Jan. 30, 2013) (Fairbank, J.); *Truax v. Sandor*, 2012 WL 3810260, *1 (C.D. Cal. Aug. 30, 2012) (King, J.); *Rosas v. Sanders*, 2012 WL 4107819, *3 (C.D. Cal. Aug. 13, 2012) (Wilner, M.J.) ("Because petitioner did not obtain permission from the court of appeals to bring a successive motion under Section 2255, this Court does not have jurisdiction . . . ."), *order adopted*, 2012 WL 4174989 (C.D. Cal. Sept. 17, 2012) (Pregerson, J.).

**Because the record does not foreclose the possibility that petitioner will obtain leave from the Ninth Circuit to file this second-or-successive petition, the dismissal must be *without* prejudice.** *See Neal v. Entzel*, 2014 WL 7010047, *3 (M.D. Pa. Dec. 10, 2014) ("[T]here remains the possibility that petitioner could be granted permission by the . . . Circuit to file a successive § 2255 motion, if appropriate, if he filed and properly pursued such a request. Consequently, the Court will dismiss the instant petition . . . *without prejudice* to Petitioner requesting leave to file a second or successive § 2255 motion."); *Medina v. Zickefoose*, 2014 WL

6804438, *4 (D.N.J. Dec. 3, 2014) ("[B]ecause [28 U.S.C.] § 2244(b) is effectively 'an allocation of subject-matter jurisdiction to the court of appeals,' a district court may dismiss such a petition only without prejudice.") (other internal quotation marks and citations omitted) (citing *Ray v. Eyster*, 132 F.3d 152, 155-56 (3d Cir. 1997)).

**The question then arises whether the Court can both "refer" this petition to the Ninth Circuit and then dismiss the action here without prejudice due to petitioner's failure to obtain leave from the Circuit to file a second-or-successive habeas petition.** Petitioner's failure to obtain leave to file from the Circuit justifies dismissal without prejudice, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit. "Perceiving no legal or practical conflict between these two courses of action, the Court will continue its . . . practice of both dismissing the petition and referring it to the Circuit." *Batchelor v. Yates*, No. LA CV 09-01752-VBF Doc. 41 at 9 (C.D. Cal. July 31, 2014); *see also, e.g., Fawkes v. Beard*, 2014 WL 6606811 (C.D. Cal. Nov. 18, 2014); *Garcia v. Busby*, 2014 WL 2761333 (C.D. Cal. June 17, 2014); *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014); *Valentine v. Lewis*, 2014 WL 1419292 (C.D. Cal. Apr. 14, 2014); *Edwards v. Koehn*, 2014 WL 1794932 (C.D. Cal. Apr. 11, 2014); *De Adams v. Hedgpeth*, 2014 WL 1806314 (C.D. Cal. Apr. 9, 2014).

**This is consistent with the practice of at least fourteen other district judges in our district.** *See, e.g., Miles v. Gonzales*, 2014 WL 2014 WL 4543564 (C.D. Cal. Sept. 11, 2014) (Pregerson, J.); *Varnado v. Paramo*, 2014 WL 3845137 (C.D. Cal. Aug. 4, 2014) (Otero, J.); *Miller v. Biter*, 2014 WL 3810234 (C.D. Cal. July 31, 2014) (Real, J.); *McKenzie v. Valenzuela*, 2014 WL 3109806 (C.D. Cal. July 7, 2014) (Snyder, J.); *Brock v. Montgomery*, 2014 WL 2812315, *1 (C.D. Cal. June 23, 2014) (O'Connell, J.) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer

the . . . Petition to the United States Court of Appeals . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Perez v. Holland*, 2014 WL 1466857 (C.D. Cal. Apr. 14, 2014) (Carney, J.); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (Anderson, J.); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Klausner, J.); *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Wright, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Wilson, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (Gee, J.); *Olvera v. Gonzales*, 834 F. Supp.2d 944, 945 (C.D. Cal. 2011) (Hatter, Sr. J.); *Henderson v. Walker*, 2011 WL 1706775, *1 (C.D. Cal. May 5, 2011) (Stotler, Sr. J.).

## **ORDER**

Pursuant to Ninth Circuit Rule 22-3(a), the Court **REFERS** this matter to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition.

The Clerk of Court **SHALL SEND** a copy of the habeas corpus petition and a copy of this Order to the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court **SHALL PROVIDE** "petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255"[4], i.e., Ninth Circuit Form 12, which may be found at http://www.ca9.uscourts.gov/forms/.

This action is then **DISMISSED without prejudice** due to petitioner's failure to obtain leave from the Ninth Circuit to file a second-or-successive habeas corpus

---

[4] *See Walker v. Ryan*, 2014 WL 413055, *2 (D. Ariz. Feb. 4, 2014); *accord Gwyn v. US*, 2014 WL 1330029, *1 (M.D. Fla. Apr. 1, 2014) ("The Clerk of Court is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).").

petition in this Court.

The Court will deny a certificate of appealability ("COA") by separate order. This order will not be appealable unless petitioner obtains a COA from the U.S. Court of Appeals for the Ninth Circuit.[5]

"The Clerk of Court shall close this case. If the Ninth Circuit Court of Appeals subsequently authorizes the filing of this second or successive [habeas petition] with this Court, the case will be reopened.[6]

DATED: December 19, 2014

*Valerie Baker Fairbank*

Hon. Valerie Baker Fairbank
Senior United States District Judge

---

[5] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may request COA from a circuit judge). Finally, petitioner "is not necessarily denied collateral review of the issues raised in the motion. He simply has to seek permission from the . . . Circuit before pursuing his claims in this Court." *United States v. Wilson*, 950 F. Supp.2d 90, 96 (D.D.C. 2013).

[6] *United States v. Estrada*, 2014 WL 5471044, *2-*3 (D. Idaho Oct. 28, 2014).